IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. STADLER, JR. and
PATRICIA I. STADLER,
On Behalf of Themselves
and All Others Similarly Situated,

        Plaintiff,

v.

ORLANS ASSOCIATES, P.C.

        Defendant.

Hon.

Case No.

---

# COMPLAINT-CLASS ACTION

## INTRODUCTION

1. Plaintiffs Robert E. Stadler, Jr. and Patricia I. Stadler ("Plaintiffs") bring this action on behalf of Michigan Consumers to secure redress from unlawful credit and collection practices engaged in by defendant Orlans Associates, P.C. ("Defendant"). Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications were received by plaintiff within this District;

    b. Defendant does business or transacts business within this District.

## I. PRELIMINARY STATEMENT

4. Plaintiffs, on behalf of themselves and all others similarly situated, and demanding a trial by jury, brings this action for the illegal practices of the Defendant Orlans (collectively referred to hereinafter as "Defendants") who, *inter alia*, used false, deceptive, misleading, unconscionable, and other illegal practices, in connection with their attempts to collect an alleged debt from the Plaintiffs and others.

5. The Plaintiffs allege that the Defendants' collection practices violate the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

6. The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(a) - (b).

7. The FDCPA is a strict liability statute, which provides for actual or statutory damages upon the showing of one violation. Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC.*, 518 F.3d 433, 438 (6th Cir).

8. To eliminate abusive debt collection practices, the FDCPA, at 15 U.S.C. § 1692g(a), (b) sets forth requirements for written notice to a consumer including identifying **the name of the creditor to whom the debt is owed**, 15 U.S.C. § 1692g(a)(2). To prohibit deceptive practices, the FDCPA, at 15 U.S.C. § 1692e, outlaws the use of false, deceptive, and misleading collection practices and names a non-exhaustive list of certain *per se* violations of false and deceptive collection conduct. 15 U.S.C. §§ 1692e(1)-(16).

9. The Plaintiffs, on behalf of themselves and all others similarly situated, seeks statutory damages, attorney fees, costs, and all other relief, equitable or legal in nature, as deemed appropriate by this Court, pursuant to the FCDPA and all other common law or statutory regimes. The Plaintiffs, on behalf of themselves and all others similarly situated, requests that she and the class members be awarded statutory, common law, punitive, and/or actual damages payable by the Defendants.

## PARTIES

10. Plaintiffs Robert E. Stadler, Jr. and Patricia I. Stalder are individuals who reside in the Eastern District of Michigan.

11. Defendant Orlans Associates, P.C. is a law firm organized as an Michigan Corporation with offices at 1650 W. Big Beaver Road, Troy, Michigan 48084.

12. Orlans Associates, P.C. is engaged in the business of using the mails and telephone to collect consumer debts originally owed to others, including residential mortgage debts. See *Glazer v. Chase Home Finance LLC*, 704 F. 3d 453.

13. Orlans Associates, P.C. holds itself out as a debt collector in its letters and as defined in the FDCPA.

## FACTS

14. Defendant Orlans Associates, P.C. has been attempting to collect an alleged residential mortgage debt from Plaintiff.

15. This class action is being brought by Plaintiffs for all Michigan consumers who receive foreclosure demand letters from Defendant Orlans while Orlans is collecting for its banks and servicers clients while failing identify the true *name of the creditor to whom the debt is owed.*

16. The alleged debt here was incurred for person, family or household purposes (to pay for housing) and not for business purposes.

17. On or about March 15, 2013 Orlans sent plaintiffs a foreclosure demand letter with a validation/dispute notice attached as **Exhibit 1 and Exhibit 2**. Defendant Orlans sends out this same template or format for all of its bank and mortgage servicer clients to initiate foreclosures under MCL 600.3205a.

18. As in all of the initial foreclosure debt letters Orlans sends out for its bank and mortgage servicer clients, **Exhibit 1 and 2** both state, "This Office represents Seterus, Inc., which is the creditor to which the mortgage debt is owed or the loan servicer for the creditor to with the mortgage debt is owed. The *creditor* has referred this matter to this office with instructions to start proceedings to foreclose the mortgage located at: 32149 Oakley Street, Livonia, Michigan 48154."

19. Congress' intent in enacting § 1692g was to provide an alleged debtor with proper notice of the debt and who is pursuing her to respond to the initial communication of a collection agency.

20. In Michigan, MCL 600.3205(3)(b) describes a Mortgage Holder as "the owner of the indebtedness or an interest in the indebtedness that is secured by a mortgage.

21. MCL 600.3205(3)© describes a Mortgage Servicer as the servicing agent of the

mortgage.

22. In Plaintiff's case, the current creditor is not Seturus, Inc. On information and belief, Seterus, Inc. is only the servicer and/or a Debt Collector and the creditor is the Mortgage Holder, Federal Home Loan Mortgage Corporation ("Fannie Mae"). **Please see Exhibit 3**.

23. In its communications with Michigan consumers receiving these letters, Orlans holds itself out as a debt collector and represents Seterus as a servicer or creditor. **Please see Exhibit 1 and 2**. Under the definitions of the FDCPA, you can't be both a Creditor and a Debt Collector and Seterus is collecting for Fannie Mae who is the creditor. **Please see Exhibit 3**.

24. Calls to Orlans by Plaintiff or Michigan consumers reveal that they notify callers that "they are debt collectors attempting to collect a debt and any information obtained will be used for that purpose." This is also stated on the Orlans letter.

25. Most, if not all of the mortgage servicers Orlans represents in these letters are not creditors but debt collectors for mortgage holders.

26. **Exhibit 1 and 2** are form letters or template documents, intended for use as the initial demand letter defendant sends to a Michigan foreclosure consumer, and filled out in a standardized manner.

27. Orlans Associates, P.C. files over 250 mortgage foreclosures every month and sends a letter in the form of **Exhibit 1 and Exhibit 2** prior to each filing.

28. The correct identification of the creditor is important because consumers have different rights with respect to the creditor and servicer and a debt collector.

29. The FDCPA mandates that the initial communication to the debtor include the name of the creditor to whom the debt is owed.

30. The initial foreclosure demand letters and collection letters that Michigan consumers

receive from Defendant Orlans are being sent in violation of the FDCPA.

## COUNT I-FDCPA

31. Plaintiff realleges the above pleadings.

32. Defendant violated the FDCPA in sending out these foreclosure demand letters to Michigan consumers while representing banks and servicers while failing to identify the true *name of the creditor to whom the debt is.*

33. Defendant violated 15 U.S.C. §1692g and 15 U.S.C. § 1692(e) to the Plaintiffs and class members, by misrepresenting and not identifying **the name of the creditor to whom the debt is owed in its Foreclosure letters**.

## CLASS ALLEGATIONS

34. Plaintiffs bring this action in an Orlans Letter Class. Plaintiffs request certification of a hybrid class action, combining the elements of FRCP 23(b)(3) for monetary damages and FRCP 23(b)(2) for equitable relief.

35. The FDCPA under 15 U.S.C. § 1692g requires the dispute notice shall be given in the following format:

> **(a) Notice of debt; contents**
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> **(1)** the amount of the debt;
> **(2)** *the name of the creditor to whom the debt is owed;*
> **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain

verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 USC § 1692g - Validation of debts (emphasis added to show what is missing in the letter from Orlans)

36. The 1st class consists of (a) all natural persons with Michigan addresses, (b) who were sent an initial demand letter by defendant Orlans, (c) which misrepresents and/or fails to identify **the name of the creditor to whom the debt is owed under** 15 USC § 1692g(a)(2) and (d) the letter was sent on or after a date one year prior to the filing of this action, and on or before a date 21 days after the filing of this action.

37. On information and belief, the class members are so numerous that joinder is impracticable.

38. On information and belief, there are more than natural persons with Michigan addresses who were sent an initial foreclosure demand letter by Defendant which listed the servicer as the "creditor", when the creditor was Fannie Mae or some other entity owed the debt as the Mortgage Holder and the letter was sent on or after ad date one year prior to filing of this action, on or before a date 20 days after the filing of this action.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant questions are:

      a. Whether defendant had a practice of listing the servicer as the creditor and not identifying the creditor;

      b. Whether doing so violated the FDCPA.

40. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

41. Certification of each class under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure is appropriate because:

(a) The questions of law and fact common to the members of each class predominate over any questions affecting an individual member: and

(b) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained experienced counsel in the class actions and individual cases of consumer credit and debt collection abuse cases.

43. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible. Many debtors may not realize that their rights are violated. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum damages in an individual action are $1,000. Management of this class claim is likely to present significantly fewer difficulties than those presented in many class claims, e.g, for securities fraud.

## CLAIMS FOR RELIEF

## Count 1-Fair Debt Collection Practices Act

44. Plaintiffs re-allege the above pleadings.

45. Defendant has violated the FDCPA. Defendants' violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendant violated 15 U.S.C. 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt using **Exhibit 1 and Exhibit 2** as mentioned above;

b. Defendant collected on the debt and violated 15 U.S.C. 1692g(a)(2) by failing to **the name of the creditor to whom the debt is owed** by using **Exhibit 1 and Exhibit 2** as mentioned above to all Michigan consumers; and

c. Defendant violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer with the use of **Exhibit 1 and Exhibit 2** as mentioned above.

**Wherefore,** Plaintiffs seek judgment against Defendant for:

a. Statutory damages for Plaintiffs in the amount of $1,000.00 pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b. Statutory damages for the members of the FDCPA Class, *pro rata,* in the amount of the lesser of $500,000.00 or one percent centum of the net worth of Defendants pursuant to 15 U.S.C. 1692k(a)(2)(B);

c. Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a)(3); and;

d. Such further relief as the court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 19th of July, 2013.

Respectfully submitted,

/s/Brian P. Parker
BRIAN P. PARKER (P48617)
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT E. STADLER, JR. and
PATRICIA I. STADLER,
On Behalf of Themselves
and All Others Similarly Situated,

            Plaintiff,

-vs-                                  Case No.
                                       HON.

ORLANS ASSOCIATES, P.C.

            Defendant.
_____/

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN PARKER (P48617)
Attorney for Plaintiff
30600 Telegraph Rd., Suite 1350
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
brianparker@collectionstopper.com
WWW.COLLECTIONSTOPPER.COM
_____/

## PROOF OF SERVICE

The undersigned certifies that she filed Amended Complaint And Demand For Jury, along with this Proof of Service, with the United States District Court For The Eastern District of Michigan Southern Division via ECF on July 19, 2013.

/s/ Stacey Lockwood
Stacey Lockwood