IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. STADLER, JR.,
AND PATRICIA I. STADLER,
On behalf of themselves
And all others similarly situated,

        Plaintiffs,             Case No. 13-13111
-vs-                               HON. AVERN COHN

ORLANS ASSOCIATES, P.C.,

        Defendant.
_____/

## DEFENDANT ORLANS ASSOCIATES, P.C.'S
## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES Defendant Orlans Associates, P.C., by and through counsel, and submits this Answer and Affirmative Defenses to Plaintiffs' Complaint as follows:

### INTRODUCTION

1. This Paragraph does not require an answer from Defendant, and to the extent it does or otherwise implies wrongdoing the allegation is denied as untrue.

### VENUE AND JURISDICTION

2. Defendant admits only that the statutes identified vest the Court with federal question jurisdiction over the claims asserted through the Fair Debt Collection Practices Act.

3. Defendant does not dispute that venue with this Court is proper.

### I. PRELIMINARY STATEMENT

4. Defendant denies it committed any wrongdoing, and denies the allegations contained in this Paragraph as untrue.

5. Defendant denies it committed any wrongdoing, and denies the allegations contained in this Paragraph as untrue.

6. The cited statutory section speaks for itself, and to the extent Plaintiffs imply wrongdoing Defendant denies that assertion or inference as untrue.

7. The cited statutory section speaks for itself, and to the extent Plaintiffs imply wrongdoing Defendant denies that assertion or inference as untrue.

8. The cited statutory section speaks for itself, and to the extent Plaintiffs imply wrongdoing Defendant denies that assertion or inference as untrue.

9. Defendant denies it committed any wrongdoing, and denies the allegations contained in this Paragraph as untrue.

## PARTIES

10. Defendant is without knowledge as to where Plaintiffs reside, and therefore this allegation is denied and Plaintiffs are left to their proofs.

11. Defendant admits the allegation contained in this Paragraph.

12. Defendant states that the allegations in this Paragraph mischaracterize the business in which it is engaged, but admits that it does, *inter alia*, enforce security instruments on behalf of its clients.

13. Defendant states that the allegations in this Paragraph mischaracterize the business in which it is engaged, but admits that it does, *inter alia*, enforce security instruments on behalf of its clients which can be interpreted in certain circumstances to be within the parameters of the Fair Debt Collection Practices Act. Defendant specifically denies any violation of that Act or other wrongdoing as alleged in the Complaint.

14. Defendant denies as untrue the mischaracterizations asserted in this Paragraph, although it does admit that it has been retained on behalf of its client to enforce a security instrument executed by Plaintiffs.

15. This Paragraph does not require an answer, and to the extent it does or otherwise implies wrongdoing Defendant denies the allegation as untrue.

16. Defendant is without knowledge as to why Plaintiffs incurred this debt, and therefore this allegation is denied and Plaintiffs are left to their proofs.

17. Defendant admits only that the referenced exhibits were sent on the date specified; to the extent the allegations state or are otherwise intended to imply wrongdoing those allegations are denied as untrue.

18. Defendant denies that "all of the initial foreclosure debt letters" it sends contain the language cited; by further response, to the extent the allegations state or are otherwise intended to imply wrongdoing those allegations are denied as untrue.

19. The statutory section cited speaks for itself, and to the extent Plaintiffs imply wrongdoing associated with the cited section Defendant denies that assertion or inference as untrue.

20. The statutory section cited speaks for itself, and to the extent Plaintiffs imply wrongdoing associated with the cited section Defendant denies that assertion or inference as untrue.

21. The statutory section cited speaks for itself, and to the extent Plaintiffs imply wrongdoing associated with the cited section Defendant denies that assertion or inference as untrue.

22. Defendant denies the allegations contained in this Paragraph as untrue.

3

23. Defendant denies as untrue the mischaracterization asserted in this Paragraph regarding its letters.

24. Defendant admits its phone system and letters comply with the FDCPA's 'mini-Miranda' requirements for those situations where contact may be interpreted as an attempt to collect a debt; by further response, to the extent the allegations state or are otherwise intended to imply wrongdoing those allegations are denied as untrue.

25. Defendant denies as untrue the mischaracterization asserted in this Paragraph regarding its clients.

26. Defendant denies as untrue the mischaracterization asserted in this Paragraph regarding its letters.

27. Defendant denies as untrue the mischaracterizations asserted in this Paragraph regarding its letters and the work it performs on behalf of its clients.

28. The allegations contained in this Paragraph are denied due to their incomprehensible nature.

29. Defendant denies the allegation contained in this Paragraph as untrue.

30. Defendant denies the allegation contained in this Paragraph as untrue.

### COUNT I--FDCPA

31. No response is required.

32. Defendant denies the allegation contained in this Paragraph as untrue.

33. Defendant denies the allegation contained in this Paragraph as untrue.

### CLASS ALLEGATIONS

34. Defendant denies the allegation contained in this Paragraph as untrue, and further denies that certification of a class would be proper.

35. The referenced statutory section speaks for itself and requires no response, and to the extent Plaintiffs imply wrongdoing associated with the cited section Defendant denies that assertion or inference as untrue.

36. Defendant denies the allegation contained in this Paragraph as untrue, and further denies that certification of a class would be proper.

37. Defendant denies the allegation contained in this Paragraph as untrue, and further denies that certification of a class would be proper.

38. Defendant denies the allegation contained in this Paragraph as untrue, and further denies that certification of a class would be proper.

39. Defendant denies the allegation contained in this Paragraph as untrue, and further denies that certification of a class would be proper.

40. Defendant denies the allegation contained in this Paragraph as untrue, and further denies that certification of a class would be proper.

41. Defendant denies the allegation contained in this Paragraph as untrue, and further denies that certification of a class would be proper.

42. Defendant denies the allegation contained in this Paragraph as untrue, and further denies that certification of a class would be proper.

43. Defendant denies the allegation contained in this Paragraph as untrue, and further denies that certification of a class would be proper.

## CLAIMS FOR RELIEF

### COUNT 1—Fair Debt Collection Practices Act

44. No response is required.

45. Defendant denies the allegations in sub-parts a, b, c, a, b, c, and d (sic) contained in this Paragraph as untrue, and further states that this lawsuit should be dismissed.

### AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief may be granted.
2. Plaintiffs are barred from recovery pursuant to the Statute of Frauds.
3. Plaintiffs are barred from recovery pursuant to the Statute of Limitations.
4. Plaintiffs are barred from recovery as a result of their own wrongful or negligent conduct.
5. Plaintiffs' actions or omissions are the direct and/or proximate cause of all damages alleged in the Complaint.
6. Plaintiffs' claims are barred as a result of their failure to mitigate the alleged damages.
7. Plaintiffs have failed to plead their claims with sufficient particularity.
8. Defendant acted reasonably and performed its duties and obligations with due care at all times relevant to the above caption case.
9. Defendant complied with all applicable state and federal laws.
10. There were no misrepresentations made to Plaintiffs or any deceptive means used to collect a debt.
11. Defendant fully complied with all duty requirements under the law, if any were owed.
12. All notice requirements required by statute have been complied with.
13. Plaintiffs are barred under the doctrines of accord and satisfaction; laches;

waiver; collateral estoppel and res judicata, and judicial estoppel.

14. Defendant is not a debt collector.

15. Plaintiffs' claims are barred by their failure to establish any actual case or controversy.

16. Plaintiffs lack standing to bring this action.

17. The claims asserted in this suit belong to the Bankruptcy Trustee and/or Plaintiffs' bankruptcy estate.

18. Any error that may have been committed resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

19. Defendant reserves the right to assert any other affirmative defenses that may become known through further research and discovery.

Respectfully submitted,

Dated: August 19, 2013

/s/ Timothy B. Myers
Timothy B. Myers (P48152)
Attorney for Defendant
1650 West Big Beaver
Troy, MI 48084
248 502 1362
tmyers@orlans.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT E. STADLER, JR.,
AND PATRICIA I. STADLER,
On behalf of themselves
And all others similarly situated,

          Plaintiffs,          Case No. 13-13111

-vs-                                 HON. AVERN COHN

ORLANS ASSOCIATES, P.C.,

          Defendant.
_____/

### CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2013, I electronically filed Defendant Orlans Associates, P.C.'s Answer and Affirmative Defenses and this Certificate of Service with the Clerk of the Court using the ECF system, which will send notification of such filing to counsel of record for the above-captioned matter. I declare under penalty of perjury that the statement above is true to the best of my information, knowledge and belief.

                                                  /s/*Thomas L. Temple*
                                                 Thomas L. Temple

August 19, 2013